IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AUGUST HEBREW EVANS, JR.,                    :
                                              :
            Plaintiff,                        :
                                              :
      v.                                      : Civ. No. 14-1316-RGA
                                              :
JOHNSON AND JOHNSON                           :
COMPANY,                                      :
                                              :
            Defendant.                        :

## MEMORANDUM ORDER

Plaintiff Augustus Hebrew Evans, Jr. filed the instant case in the Superior Court

of the State of Delaware in and for Kent County. Evans raises product liability claims

regarding use of the drug Risperdal and its alleged side effects. Defendant Johnson

and Johnson removed the case to this court. Movant Kushal Kalpan Shah moves to

join this action, stating that he also has a Risperdal claim. (D.I. 14). The Court

construes the motion as a motion for permissive intervention.[1] Defendant opposes on

the grounds that Shah provides no valid basis for intervention pursuant to Fed. R. Civ.

P. 24. (D.I. 15). Shah also requests counsel. (D.I. 16).

Rule 24(b) of the Federal Rules of Civil Procedure provides the following

regarding permissive intervention: On timely motion, the court may permit anyone to

intervene who: (A) is given a conditional right to intervene by a federal statute; or

---

[1]Plaintiff moves to join this action but, since he is a third-party, the motion is
governed by Fed. R. Civ. P. 24, not Rule 20, which provides for joinder of parties.

1

(B) has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b). Whether to grant permissive intervention lies within the discretion of the Court. *See Brody v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992). It is not clear from Shah's sparse allegations that joinder is appropriate. *See e.g., Barrett v. McDonald*, 2015 WL 237165, at *2 (D. Del. 2015). Therefore, the Court exercises its discretion and will deny the motion for intervention.

The Court will direct the Clerk of Court to open a new case, with Docket Items 14 and 16 serving as the Complaint. In addition, the Court will deny the request for counsel without prejudice to renew upon Plaintiff's compliance with the filing fee requirements of the Prison Litigation Reform Act.

IT IS HEREBY ORDERED this _4_ day of August, 2015 that:

1. Movant Kushal Kalpan Shah's motion for joinder, construed as a motion for permissive intervention (D.I. 14) is **DENIED**.

2. Movant Kushal Kalpan Shah's request for counsel (D.I. 16) is **DENIED** without prejudice to renew.

3. The Clerk of Court is directed to open a new case with D.I. 14 and 16 serving as the complaint.

4. The Clerk of Court is directed to serve a copy of this Memorandum Opinion and Order upon Movant Kushal Kalpan Shah.

UNITED STATES DISTRICT JUDGE

2