IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AUGUSTUS HEBREW EVANS, JR., :
:
      Plaintiff, :
:
v. : Civil Action No. 14-1316-RGA
:
JOHNSON AND JOHNSON COMPANY :
et al., :
:
      Defendants. :

**MEMORANDUM**

Plaintiff Augustus Hebrew Evans, Jr., an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, who appears *pro se*, filed this action in the Superior Court of the State of Delaware in and for Kent County, Case No. K14C-09-028 RBY, raising claims under Delaware law. The matter was removed to this Court on October 16, 2014. (D.I. 1). The First Amended Complaint is the operative pleading. (D.I. 44). Before the Court are Defendants' motion for summary judgment and Plaintiff's proposed modification to protective order/conference request. (D.I. 152, 181).

The First Amended Complaint alleges negligence, negligent misrepresentation, breach of warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, breach of express warranty, and fraud by concealment arising out of Defendants' development, marketing, and sale of the drug commonly referred to as Risperdal. (D.I. 44). Upon motion, Plaintiff was provided counsel in the early stages of this case. (*See* D.I. 13). In October 2017, Plaintiff filed a motion to proceed *pro se*. The motion was granted on November 6, 2017, and

1

Plaintiff's counsel withdrew. (D.I. 89). At that time, the parties were advised that the case would proceed on the deadlines set forth in its July 28, 2017 order, including a discovery cutoff deadline of December 15, 2017, and a dispositive motion deadline of March 30, 2018. (D.I. 82). Several discovery motions were filed prior to the expiration of the discovery deadline.

**Motion for Summary Judgment.** On March 29, 2018, Defendants filed a motion for summary judgment raising several grounds in support thereof.[1] (D.I. 152). When the summary judgment motion was filed, the Court had not yet ruled on the discovery motions. The Court ruled on the discovery motions on May 8, 2018 and noted that deadlines were extended pending the resolution of discovery issues. (D.I. 169, 170). As a result, Plaintiff was not deposed until June 2018. (D.I. 172). Also, in June 2018 Defendants produced to Plaintiff scientific studies and/or statistical reports regarding the use of Risperdal and typical injuries associated with its use. (D.I. 173, 177). Because discovery was not complete when Defendants filed their motion for summary judgment in March 2018, the Court will dismiss the motion without prejudice to renew so that subsequently produced relevant discovery may be included in dispositive motions filed by the parties.

---

[1] One ground raised by Defendants in support of their motion for summary judgment is that Plaintiff's claim fails for lack of a required expert witness. Defendants cite to several cases affirming entry of summary judgment because a *pro se* plaintiff lacked expert testimony. (*See* D.I. 161 at 2; *but see Brathwaite v. Phelps*, 734 F. App'x 114 (3d Cir. 2018) (*Tabron* factors indicated the need for appointed counsel especially once district court determined expert testimony was required for *pro se* plaintiff to make his Eighth Amendment claims). Of course, I did appoint Plaintiff counsel, but he later dismissed appointed counsel.

2

**Proposed Modification to Protective Order/Conference Request.** On July 7, 2017, the Court granted the parties' proposed stipulated protective order. (D.I. 78, 79). Plaintiff was represented by counsel at the time. On July 17, 2018, Plaintiff filed a proposed modification to the protective order, and Defendants responded and objected. (D.I. 181, 182). On August 9, 2018, Plaintiff filed an agreement to the stipulated protective order and states that he agrees to the stipulated protective order signed by the Court on July 7, 2017. (D.I. 184). In light of this filing, the Court finds that Plaintiff's proposed modification to protective order (D.I. 181) is moot.

Based upon the above discussion, the Court will: (1) dismiss Defendants' motion for summary judgment (D.I. 152) without prejudice to renew; (2) dismiss as moot Plaintiff's proposed modification to protective order (D.I. 181); and (3) amend dispositive motion deadlines. An appropriate Order will be entered.

*[signature]*
UNITED STATES DISTRICT JUDGE

December 26, 2018
Wilmington, Delaware

3