IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AUGUSTUS HEBREW EVANS, JR., :
:
        Plaintiff, :
:
v. : Civil Action No. 14-1316-RGA
:
JOHNSON AND JOHNSON COMPANY :
et al., :
:
        Defendants. :

**MEMORANDUM**

1. **Introduction**. Plaintiff Augustus Hebrew Evans, Jr., an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, who appears *pro se*, filed this action in the Superior Court of the State of Delaware in and for Kent County, Case No. K14C-09-028 RBY, raising claims under Delaware law. The matter was removed to this Court on October 16, 2014. (D.I. 1). The First Amended Complaint is the operative pleading. (D.I. 44). Before the Court are numerous motions filed by Plaintiff. (D.I. 197, 203, 206, 207, 208).

2. **Background**. The First Amended Complaint alleges negligence, negligent misrepresentation, breach of warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, breach of express warranty, and fraud by concealment arising out of Defendants' development, marketing, and sale of the drug commonly referred to as Risperdal. (D.I. 44). Upon motion, Plaintiff was provided counsel in the early stages of this case. (*See* D.I. 13). In October 2017, Plaintiff filed a motion to proceed *pro se*. The motion was granted on

1

November 6, 2017, and Plaintiff's counsel withdrew. (D.I. 89). At that time, the parties were advised that the case would proceed on the deadlines set forth in its July 28, 2017 order, including a discovery cutoff deadline of December 15, 2017, and a dispositive motion deadline of March 30, 2018. (D.I. 82).

3. On January 18, 2018, the Court extended the deadlines and at the same time ordered Defendants to produce Clinical Study Reports ("CSRs") identified in their Submission Identifying Risperdal Studies Involving Males ages 40 to 50. (*See* D.I. 194). Plaintiff was given until May 20, 2019 to review the CSRs in a manner determined and arranged by Delaware Department of Correction personnel at the VCC. Plaintiff moves for clarification and reconsideration of the order. (D.I. 197). He also requests an additional 30 days to review the materials. (D.I. 206). In addition, Plaintiff has filed what appears to be a motion for reconsideration to obtain prior discovery requests and asks the Court to impose sanctions against Defendants. (D.I. 203). He once again moves for appointment of an expert and/or funds for an expert. (D.I. 207). Finally, he asks the Court to set a scheduling conference. (D.I. 208).

4. **Motion For Clarification And For Reconsideration**. When the Court ordered Defendants to produce the CSRs for Plaintiff's review, it did so based upon Defendants' representations that the discovery would fill approximately six banker's boxes. (*See* D.I. 173 at 14). Plaintiff seeks clarification because it was not clear if Defendants would produce 12,000 pages of documents or the six banker's boxes. (D.I. 197 at 1). A few days after Plaintiff filed his motion, Defendants advised the Court that they were providing eight boxes of documents. (D.I. 198). Plaintiff's motion for clarification will be dismissed as moot.

2

5.	Plaintiff also seems to move for reconsideration to obtain responses to specific discovery requests and seeks sanctions for Defendants' alleged failure to produce discovery. (D.I. 197, 203). Defendants oppose the motions.

6.	The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or [to] prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

7.	The Court has reviewed Plaintiff's motion and the January 18, 2019 Memorandum Order. In doing so, the Court finds that Plaintiff has failed to demonstrate any of the grounds necessary to warrant a reconsideration of that order. To the extent Plaintiff moves for reconsideration of prior orders ruling on discovery motions, and in particular the Court's May 8, 2018 Order (*see* D.I. 170), the time to do so has long passed. *See* Fed. R. Civ. P. 59(e) and D. Del. LR 7.1.5 (motions for reargument filed pursuant to Fed. R. Civ. P. 59(e) shall be filed in accordance with Rule 59(e) time limits (*i.e.*, no later than 28 days after entry). Finally, Plaintiff's motion for sanctions is frivolous. According, the Court will deny Plaintiff's motions for reconsideration and for sanctions. (D.I. 197, 203).

8.	**Motion For Appointment and/or Funds for Expert**. Plaintiff seeks funds to obtain expert services "necessary for adequate representation of the facts and science of complex[] residual affects of using the drug Risperdal" pursuant to 18 U.S.C. § 3006A(e)(1) or "feasible statutes." (D.I. 207). Plaintiff previously filed an almost

3

identical motion. (*See* D.I. 96). That motion was denied on May 8, 2018. (*See* D.I. 169, 170).

9. The instant motion will be denied for the reasons set forth in the May 8, 2018 Memorandum and Order. (*See id.*)

10. **Miscellaneous Motions**. Plaintiff seeks an extension of 30 days up to and including June 20, 2019, to review the CSRs. (D.I. 206). He also asks the Court to set a "conference hearing." (D.I. 208). Plaintiff's motion for an extension of 30 days to review the CSRs will be granted. Dispositive motion deadlines will also be amended. Plaintiff's motion for a "conference hearing" will be denied in light of the posture of this case.

11. **Conclusion**. Based upon the above discussion, the Court will: (1) dismiss as moot Plaintiff's motion for clarification (D.I. 197); (2) deny Plaintiff's motions for reconsideration (D.I. 197, 203); (3) deny Plaintiff's motion for sanctions (D.I. 203); (4) grant Plaintiff's motion for an extension of time to review CSRs (D.I. 206); (5) extend the dispositive motion deadline; (6) deny Plaintiff's motion for appointment and/or funds for expert (D.I. 207); and (7) deny Plaintiff's motion for a "hearing conference" (D.I. 208). A separate order shall issue.

*Richard G. Andrews*
UNITED STATES DISTRICT JUDGE

May 24, 2019
Wilmington, Delaware

4